UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| SANDRA K. BEAUCHAMP, | ) | Case No.: C 08-00972 PVT |
| Plaintiff, | ) ) | **ORDER THAT CASE BE REASSIGNED AND RECOMMENDATION THAT CASE BE DISMISSED WITH LEAVE TO AMEND** |
| v. | ) ) | |
| TOM HARRINGTON, ET AL., | ) ) | |
| Defendants. | ) ) | |

On February 15, 2008, plaintiff filed an application to proceed *in forma pauperis*.[1] Based on the application and the file herein,

IT IS HEREBY ORDERED that this case be reassigned to a District Court Judge[2] with the recommendation that the case be dismissed with leave to amend. A federal court must dismiss an *in forma pauperis* complaint if the complaint is: 1) frivolous; 2) fails to state a claim on which relief may be granted; or seeks 3) monetary relief against a defendant who is immune from such relief. See, 28 U.S.C. § 1915(e)(2); see also *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

[2] This court is ordering reassignment to a District Court Judge because, absent consent of all parties, a Magistrate Judge does not have authority to dismiss the case.

1  In her complaint, plaintiff alleges that defendant engaged in numerous violations of
2  section 1182.8 of the labor code.  However, the labor code section referenced in the complaint is
3  a California state law.  Plaintiff alleges no additional basis for jurisdiction in federal court.  In
4  order for the federal court to have jurisdiction over the matter, plaintiff may allege, *inter alia*,
5  violations of the Fair Labor Standards Act.

6  Before dismissing a complaint, however, a district court must give *pro se* litigants an
7  opportunity to amend their complaint unless it is absolutely clear that no amendment could cure
8  the defect.  See, *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).  From the brief
9  facts stated in Plaintiff's complaint, it is not possible to determine whether or not Plaintiff will be
10 able to amend her complaint to establish grounds for extending the sixty day time period within
11 which a civil action for judicial review must be commenced.  See, *Bowen v. City of New York*,
12 476 U.S. 467 (1986) (holding that statute of limitations subject to equitable tolling under some
13 circumstances).  Thus, leave to amend appears appropriate.

14 Dated:    *February 22, 2008*

15                              _____
16                              PATRICIA V. TRUMBULL
                                 United States Magistrate Judge

1  copies mailed on February 22, 2008 to:

2  Sandra Beauchamp
   PO Box 112353
3  Campbell, CA 95011

4  Tom Harrington
   Harrington Properties Management
5  105 Fremont Avenue, Suite B
   Los Altos, CA 94022

6

7                                    EunHae Park for
                                     Corinne Lew
8                                    Courtroom Deputy

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER, *page 3*