Sandra K. Beauchamp
P.O. Box 112353
Campbell, California 95011

FILED

2008 MAY 12 A 9:03

RICHARD W. WIEKING
CLERK
US DISTRICT COURT
NO. DIST. OF CA. S.J.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

Sandra K. Beauchamp
P.O. Box 112353
Campbell, California 95011

    Plaintiff,

    v.

BILL LOCKYER, in his official
capacity as Attorney General
of the State of California;
JOAN HEALY, in her official capacity
of Senior Deputy Commissioner
and MONICA RESENDEZ, in her
official capcity as desk clerk of the
Labor Standards Commission
for San Jose, California;
THOMAS E. HARRINGTON Trustee
of the Thomas E. Harrrington
Trust Dated 3/6/90, dba
The Greenery Apartments
GARY LEITH in his official capacity
for The Greenery Apartments and
JANNA M. ERICKSON in her official
capacity for The Greenery Apartments,

    Defendents,

08-CV-972 JF

No. ~~C-05-01-04188~~

Amended with
leave to Amend

FAIR LABOR STANDARDS ACT

Plaintiff moves that her Equal Rights and protection of the law under California Labor Code 1173 and 1182.8 were violated.

Plaintiff moves that the Acts of discrimination by those responsible to uphold the laws through their many agencies were violated.

1  Plaintiff moves that her Equal Rights and the Equal Rights of all managers placed in the resident
2  manager/apartment manager position due to the 1182.8 Labor Law Code have been violated through the
3  lack of "due diligence" by and those that are to uphold, monitor, publisized and teach the "The Resident
4  Managers Employer Agreement Set".
5  Plaintiff moves that the Commissioners office has not made clear to all parties the original intent of
6  Labor Law Code 1173 and 1182.8, and on Jurisprudents the Plaintiff files that her Constitutional Civil
7  Liberties have been violated.
8  Plaintiff moves that due to her educationally based 17 year career, that has been diminished by
9  eleven years the Plaintiff Sandra Kay Beauchamp rests her case that she is due the process of
10 restitution.

## BACKGROUND

13 On February 15, 2008  desk clerk Monica at 100 Paeo De San Antonio, Room 120, San Jose,
14 California's IWC office of Industrial Welfare Commission told me that Labor Law 1182.8 was a Federal
15 Law and that I should take the matter up at the Federal Building of which she provided me with the
16 following address;  280 South First Street, two block south of the 100 Paeo De San Antonio, Room 120
17 of which we were at.  And, I did and as advised by the IWC clerk Monica I filed State Case No. C 08-
18 00972 PVT. *Exhitbits*
19 In response to  my filing I received a letter dated 2, 22, 2008 from United States Magistrate Judge
20 Patricia V. Trumbull that my case was referred to the District Court Judge, The Honorable Jeremy Fogel
21 for "all further proceedings" and that my "case was a California State law, Plaintiff may allege violations
22 of the Fair Labor Standards Act." *Already in exhibit/Exhibit*
23 After I digested the letter looking up the cases referred to in United States Magistrate Judge Trumbull's
24 letter *Already in exhibit*  I sought council again at the IWC office.
25 After a lengthy search for the offices of the Labor Standards Commission, phone tag messages with
26 Monica Resendez 408 277-9620 secretary to Benny Cheng the Enforcement Agent for the Labor
27 Standards Commission.  Mr. Cheng at 408 277-9615 informed me, that he did not know who monitored
28 Labor Code 1182.8 and that was not his function.  Mr. Cheng then refered me to the San Jose

1. Commissioner's Senior Deputy Joan Healy 100 Paseo De San Antonio, Room 120, San Jose, California.
2. Upon my visit to see The Senior Deputy Labor Commissioner Officer Joan Healy, she tells me that the
3. office of Industial Welfare would not take the case due to statue of limitations. I called Senior Deputy
4. Joan Healy's attention to the case I filed in July 2003, which I thought had not closed; State Case No. 12-
5. 54673 RG *Exhibits*.
6. My experience, lack of confidence, jurisprudence with the Industrial Welfare Commission office started
7. when I filed State Case No. 12-54673 RG. *Already in exhibit* My case in the IWC office which
8. claimed (waiting time penalties pursuant to Labor Code Section 203. Employee was dismissed due to
9. downsizing/reorganization on May 22, 2003 when Mr. Harrington and Gary Leith visited my office at the
10. Greenery Apartments 999 West Hamilton Avenue, Campbell, California 95008. Mr Harrington told me
11. that Gary Leith would be starting tomorrow and he felt he could better handle all of his Oregon, Southern
12. California and Silicon Valley properties from my desk. I did not receive my dismissal check until June 9,
13. 2003; a violation of Labor Code Section 201.
14. Pursuent to filing IWC claim I called US Department of Housing and Urban Development, 1055 S.
15. Sunnyvale, Saratoga Rd. #3, Sunnyvale, California's  Project Sentinel 408 720-9888 on another matter I
16. hoped to settle through mediation.  These matters where relating to Mr. Harrington refusing phone calls
17. to potential employers and regarding a pet charge that Mr. Leith had verbally layed at my feet. This was
18. after the pet and I had occupied the apartment for seven years. *Exhibit*
19. I was employed during the aquition period of the Greenery Apartments that was then managed by
20. Sequoia Property Management.  My employment date May 12, 1997 when I first started observing at the
21. Greenery the tenant action and availablity to calculate the needs to rehabilitate the outside wood-rot.
22. I was not privy to the bookkeeping until Mr. Harrington took over the management from Sequoia on June
23. 12, 1997 when I then was handed the keys and we actually began the managment of the property.  The
24. closure of the sale took part in July 1997.  My move-in date took place after the 17th of June as another
25. resident was still occupying Apartment number 91 centrally located at the back-yard of the property
26. across from a dumpster/recycling area that was a eye-sore from the beginning of our taking-over the
27. property. I retrieved my house-hold furnishing and permanently moved in over the July 4th weekend.
28. *Exhibit*

1. At the Eviction hearing the Judge, Case No. 1-03-CV002674, threw the Eviction Case out of court due to
2. my Case with IWC State Case No. 12-54673 RG filing for the 19 day delay of receiving my closing
3. check. In the courts out halls I talked to the Attorney for Harrington Gary W. Sullivan, ESQ presenting
4. my Rental History *Exhibit* from the Greenery and said to Mr.Sullivan, I told Mr. Sullivan and presented
5. to him my rental history, "The Greenery owes me a months rent, see, this is my rental history I couldn't
6. have lived there for all of June 1997 there was another occupant residing in apartment number 91 until
7. the later portion of the month when I had Bradley Painting Company paint and then I had the apartment
8. cleaned before I could even take occupancy".
9. I was taxed on the occupancy of my apartment. *Exhibit* I've argued with Janna Erickson bookkeeper /
10. CEO and she refuses to recognize the 1182.8 Labor Law Code and has submitted my Social Security
11. taxation incorrectly for the SSI account. And, took the tax credit which is only observed when the 2/3
12. rental rate charge is applied to the manager. *Exhibit* I encouraged Mr. Sullivan to take these items up
13. with Mr. Harrington. If he did I heard nothing about it and I tried repeatedly through my attempt with
14. Project Sentinel and personally to reach Mr. Harrington. *Allready in Exhibit*
15. I then continued with my IWC suit State Case No. 12-54673 RG for the 19 days at $219.00 per day in the
16. amount of $4.172.40) which I filed on July 24, 2003 with the IWC office. My expectation was that I would
17. receive my wages, built time off for vacation, *Exhibit* 401K information *Exhibit* and Health Insurance plan
18. program. I called one Janna Erickson daily, and was told by Janna Erickson that my medical insurance
19. ended on June 1, 2003 which I also believed to be legally incorrect.
20. The Senior Deputy Labor Commissioner Officer Joan Healy pulled my file and found a Notice -
21. Investigation Completed dated 1-13-2004 *Already in exhibit/Exhibit* where on 12-18-2003 the Plaintiff
22. indicated that she had already presented the check dated June 9, 2003 as doumentary evidence on her
23. vacation check from Harrington Properties. "That information has not been received. Therefore, this
24. case is dismissed for lack of factual basis. *Exhibit* How Richard Garcia Deputy Labor Commissioner
25. concluded the dismissal package as a vacation check, I do not know. How Mr. Garcia arrived at the
26. overage of within 72 hours of dismissal to 19 days; I find interesting at best. I expected by May 25
27. Sunday, 26 Monday wages, vacation, 401K and medical insurance information and from May 26,2003
28. I called Janna Erickson CEO daily regarding the 72 hours law and my move-in date, again stating to her

1  which was an on-going battle that "because she insisted on presenting all rents in on the First of the
2  Month and not their actual date of receivable, this distorted my actural move-in and occupancy to the
3  Greenery of July 3, 1997.  *Exhibits*  Mrs. Erickson and I also had the debate again on the 401K
4  information and which Kaiser Permanente Medical plan we now as the plan changed annually.  I know
5  cutting costs is part of her job, but releasing to me the plan was rediculous.
6  I had just paid $600.00 to update my California Credenial Certification Apartment Management receiving
7  my certificate mid June 2003 all of these laws where fresh in my mind. And now sadly enough I haven't
8  been able to secure a job in my 17 year career of which I loved.  The reward in this industry is seven
9  fold.  As a specialist in rehabilitation or bring a C minus "property to its best and highest use" as our oth
10 states to a profitable upgraded property, I am out the door.  Tom Harrington told me the Greenery
11 provided him the funding that enable his purchase of two other properties.  The Greenery income sored
12 through my tenue. These laws have to be monitored, publisized and legally represent the men and
13 women in this profession equally. I loved my career, I loved lobbying for laws that protected the
14 owner/renter with Tri-Counties Apartment Association.  I loved the education provided through the
15 California Apartment Assoication and Tri-Counties Apartment Association.  Tri-Counties instructor Jody
16 Marshall who taught the 1182.8 labor law code was great except she did not teach nor did she know the
17 full reason for the law which is to uphold city, county, state laws. I loved working in the multi-family
18 cascade of this industry.  I had no problem putting forth money for further education, no problem with
19 looking up and calling for clairification on city and county building codes. My career intentions were to
20 work as a resident manager at the Greenery Apartments or else-where until I was seventy-two years of
21 age.  My career due to the lack of response from my owner cut my career by eleven years which took
22 from me at $52,000.00 a year $572,000.00 of earning power, paying taxes, living an explairary life.  I
23 had a perfect credit report ruined over the last five years.  A five years ruination of a credit report plus
24 another ten years after my debts are paid, what that is worth? I do not know?  How can I re-establish my
25 credit, purchase a car, secure another position? I can not even get a realestate attorney to represent me,
26 they have an exclusivity to represent the oweners as does the Apartment Associations.  My sole income
27 is my soical security benefits of $864.00 per month. Due to the credit references from Janna Erickson
28 and Ruby Lee Smith, quoting managers that I was net working with to find another position, that I left the

1. Greenery leaving an outstanding balance and telling these resident managers of the Coffee Tree and the
2. manager from the Franciscan Virginia Agular that I was let go because I didn't do my job. *Exhibit* Living
3. on $864.00 a month and these kind of references I can not afford nor can I qualify for an apartment.
4. When Mr. Harrington dismissed me and casually said "you can be out at the end of the month, can't
5. you?" Where would I have then rented an apartment "I had no varification of income". The first criteria
6. is ability to pay for your apartment. I could not have rented one of Mr. Harrington's apartments to a
7. person that could not show me a varification of the last two pay stubs from their place of employment of
8. which I then varified employment.
9. Then the constant harassment from Gary Leith, refusal of my agreed upon partical rent payment to be
10. paid from my unemployment checks. The return of my partical payment for ten days in August from
11. Ruby Lee Smith *Exhibit* The three day Notice to Pay or Quit. *Exhibit* The notice to enter my apartment.
12. *Exhibit* Then the Unlawful Detainer Notice. *Exhibit* The court hearing of which Ruby Lee Smith and
13. Gary Leith attended along with the attorney Gary Sullivan, esq. and we were thrown out of court. The
14. Judge asked me if I was out of the apartment that day 27th of August and the answer was, yes! And I
15. was, all of my possession where in a storage unit 150 at 50 Curtner Avenue, Campbell, where they still
16. remain at $495.00 a month, over $25,000.00 of unnessessary expense due to the failing of employer
17. agreements and the upholding/publisizing of the Labor Law Code. *Exhibit*
18. I told Gary Leith I had secured a vacation releif position with a Shea Property and sent over a fax
19. regarding so. My position to releave a manager of her duties for a three week vacation. This was on 7-
20. 29-2003. *Exhibit* On 7-31-03 I was presented with a 30-Day Notice Change In Terms Of Tenancy by
21. Regional Manager Gary J. Leith. Then on August 6, 2003 I was presented with a Summons 1-03-
22. CV002674 an Unlawful Detainer refusal of my ten days rent for my residence apartment 91. *Exhibit*
23. Then 7-31-2003 Gary presents me with a rental agreement to start September 1, we are still on the
24. calandar for my eviction of which they followed through with on August 27th. 2003. I believe there is no
25. other term but harassment and discriminated against in the rental agreement as I was not allowed to
26. choose month-to-month rental, three months, six months, nine months or a one year lease as offered to
27. others potential residents or lease renewals.
28.

1. As a California Certified Apartment Manager I sought council with the California Apartment Association
2. one Debra Carlton on July 24, 2003.  *Exhibits*   A search through the telephone book, calling three
3. of advocacy groups Tenant/LandLord and Fair Housing. *Exhibit*   And, beyond the three pages of calls
4. the following calls and visitation to: Bay Area Legal Aid's Stella Rodriques 850-7066, HUD's Project
5. Sentinel 408 993-3082,. Senior Adult Legal Assistance 408 295-599, Law Foundation of Silicon Valley,
6. which directed me to  4 North Second Street, Suite 400 The Bar Assocciation, Fair Housing Specialist
7. Twilight Florido,  Sabrato Family Living Center 408 885-8506 ex 2153, The Department of Fair
8. Employment and housing 1 800 884-1684 in Oakland, only to be referred to Housing unit 1 800 233-3212
9. Oakland.  Fran Dresser at Tri Counties Apartment Association Santa Clara County, The Santa Clara
10. County Housing Authority, The District Attorneys office 408 592-6400 and back to Angela Bradstreet the
11. San Francisco Commissioners Office at 415-703-5300 looking for information on representation of
12. "Resident Apartment Manager employer agreement set" Labor Code # 1182.8. The Commissioners
13. Office of San Francisco Angela Bradstreet referred me to the Workers Right Clinic at the Alexander
14. Community Law Center in Oakland. *Already in exhibits/Exhibits*  I could not then nor have I been able to
15. now find legal representation. The real estate attorneys that provide Unlawful Detainer services
16. "exclusively" represent the owners.
17. I can say on my behalf, I have done "due dilligence" in my search and find "Jurisprudence, what is right
18. is right and what is wrong is wrong and I stand to dilligence in the following changes.
19. The "Law grows with the growth, and stengthens with the strength, of the people, and finally dies away as
20. the nation loses its nationality." (comes into harmony, all knowing and abiding with the same truths; my
21. interputation). a quote from Jurisprudence by Fredrich Carl von Savigny.  The Commissioners office of
22. the IWC led me down the wrong path to begin with. *Already in exhibits.*  Therefore, I am amending my
23. case to Jurisprudence, discrimination, a strong violation of my equal rights, discrimination, death of as a
24. professional, 17 year career, distruction of my credit, major damage by a lack equal protection of the law
25. and I want restitution, I want change to the Labor Law Code 1182.8 and how it is taught, its knowledge
26. and meaning taught and those held accountable for their lack of attention to detail, lack of knowlege by
27. the clerk regarding state and federal Labor Codes in the IWC office, the IWC's lack of the promotion to
28. employers, teachers i.e. Tri Counties Apartment Association instructors who teach the Labor Code

1182.8.  Articles regarding this labor code could be published in the CCA publication (my latest publication to promote the health and welfare to all concerned.   In my eye's Labor Code 1182.8, a good law, lies hidden and obscure to those that need to abide by this law. The efforts to promote the FairHousing Laws through agencies *Exhibit* are in abundance compared to the promotional efforts of Labor Code 1182.8; and therefore provides an equal rights violation.

UNITED STATE CONSTITUTION
A. Protection of Property

The question here is whether the Act is direct to protet the property as in its orinial concept when the demand for a on-site residential manager is to be put into place on properties of 16 units or more. Was not the clesha' "Neat, Clean and Green" to promote a property to renters? Is it fair to leave the 1182.8 law as is without full explanation of its true purpose to negate the protection set down by our for-fathers in the protection of all of our lands? "Let no man not born of the soils come before our great nation to pirate without the interest of this great nation." President Adams

Was not the original intent of 1182.8 to protect the property, the value of the property to its owner, its township, its cities.   To preserve the city, county, state codes, laws protecting the discrimination of ethnicity, religion, sex'es.

Was it not the Legislature that appoints The Commissioner who's office is to monotor and promote through publication the Labor Law Codes through the Industrial Welfare Commissions office?

Who represents the 1182.8 Labor Law Code?  Who defends the defaining of the wrongs of the 1182.8 Labor Law Code?

*Sandra K. Beauchamp*     5/12/2008