1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  CHRISTOPHER E. KRUEGER
   Senior Assistant Attorney General
3  STEPHEN P. ACQUISTO
   Supervising Deputy Attorney General
4  ROSS C. MOODY, State Bar No. 142541
   Deputy Attorney General
5    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
6    Telephone:  (415) 703-1376
     Fax:  (415) 703-1234
7    Email:  Ross.Moody@doj.ca.gov

8  Attorneys for Defendant Attorney General
   Edmund G. Brown Jr.
9

10
                IN THE UNITED STATES DISTRICT COURT
11
                FOR THE NORTHERN DISTRICT OF CALIFORNIA
12
                         SAN JOSE DIVISION
13

| | | |
|---|---|---|
| 14 | **SANDRA K. BEAUCHAMP,** | 5:08-cv-00972-JF |
| 15 | Plaintiff, | **NOTICE OF MOTION AND MOTION TO DISMISS** |
| 16 | v. | |
| 17 | **TOM HARRINGTON, et al.,** | Hearing:    September 12, 2008<br>Time:       9 a.m.<br>Courtroom:  3 |
| 18 | Defendants. | Judge:      The Honorable Jeremy Fogel |

19

20         To Plaintiff Sandra K. Beauchamp, PLEASE TAKE NOTICE THAT on September

21  12, 2008 at 9 a.m. in Courtroom 3, Fifth Floor, 280 South 1st Street, San Jose, California,

22  Defendant Edmund G. Brown Jr., individually and in his capacity as the Attorney General of

23  California will and does move this Court for an order dismissing the complaint in this action.

24         This motion is based upon the pleadings and papers on file in this action, this Notice of

25  Motion and Motion, the accompanying Memorandum of Points and Authorities in Support of

26  Motion, and whatever evidence and argument is presented at the hearing of this motion.

27         The grounds for the motion are that the complaint fails allege federal jurisdiction and

28  fails to state a claim against this defendant on which relief may be granted.

1     Dated: July 11, 2008

2     Respectfully submitted,

3     EDMUND G. BROWN JR.
Attorney General of the State of California

4     CHRISTOPHER E. KRUEGER
Senior Assistant Attorney General

5     STEPHEN P. ACQUISTO
Supervising Deputy Attorney General

8     /s/ Ross C. Moody

9     ROSS C. MOODY
Deputy Attorney General

Attorneys for Defendant Attorney General
Edmund G. Brown Jr.

13   20121643.wpd
SA2008303522

Notion of Motion and Motion to Dismiss - *Beauchamp v. Harrington, et al.* - 5:08-cv-00972-JF

2

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **Sandra K. Beauchamp v. Tom Harrington, et al.**

No.:   **5:08-cv-00972-JF**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On July 11, 2008, I served the attached

**NOTICE OF MOTION AND MOTION TO DISMISS;**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS;**

**[PROPOSED] ORDER**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Sandra K. Beauchamp**
**P. O. Box 112353**
**Campbell, CA 95011**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on July 11, 2008, at San Francisco, California.

| J. Wong | _[signature]_ |
|---|---|
| Declarant | Signature |

20122670.wpd

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  CHRISTOPHER E. KRUEGER
   Senior Assistant Attorney General
3  STEPHEN P. ACQUISTO
   Supervising Deputy Attorney General
4  ROSS C. MOODY, State Bar No. 142541
   Deputy Attorney General
5   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
6   Telephone:  (415) 703-1376
    Fax:  (415) 703-1234
7   Email:  Ross.Moody@doj.ca.gov

8  Attorneys for Defendant Attorney General
   Edmund G. Brown Jr.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| SANDRA K. BEAUCHAMP, | 5:08-cv-00972-JF |
|---|---|
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS** |
| v. | |
| TOM HARRINGTON, et al., | Date:  September 12, 2008<br>Time:  9:00 a.m.<br>Courtroom:  3, Fifth Floor<br>Judge:  The Hon. Jeremy Fogel |
| Defendants. | |

**INTRODUCTION**

On February 15, 2008, Plaintiff Sandra Beauchamp filed this action, alleging a violation of state law. Proceeding in pro se, she alleges that her civil rights were violated because she was improperly fired from her job as an apartment manager without having been informed of her rights under California's Labor Code. More specifically, Beauchamp appears to allege that both the Labor Standards Commission and her employers failed to provide her with adequate knowledge of California Labor Code section 1182.8[1]. Beauchamp makes no allegations against Attorney General Brown or about what type of relief she is seeking.

On February 22, 2008, Magistrate Judge Patricia V. Trumbull ordered the case reassigned and recommended that it be dismissed with leave to amend for failure to allege any basis for jurisdiction in federal court. Thereafter, this Court dismissed Beauchamp's original complaint with leave to amend. On May 12, 2008, Beauchamp filed a first amended complaint, but did not serve it on defendant Attorney General Brown. On May 29, 2008, Beauchamp filed a second amended complaint naming Brown in his official capacity as Attorney General of the State of California.[2] However, Beauchamp fails to allege that any case or controversy exists

---

1. California Labor Code section 1882.8 states that "no employer shall be in violation of any provision of any applicable order of the Industrial Welfare Commission relating to credit or charges for lodging for charging, pursuant to a voluntary written agreement, a resident apartment manager up to two-thirds of the fair market value of the apartment supplied to the manager, if no credit for the apartment is used to meet the employer's minimum wage obligation to the manager."

2. On May 16, 2008, the Court ordered the U.S. Marshal to serve defendants. On June 16, 2008, the Attorney General's Office received the Second Amended Complaint and summons in a packet from the U.S. Marshal sent by certified mail. The packet did not include a request for a waiver of service (which the Attorney General's Office routinely signs and returns). On July 2, 2008, the U.S. Marshal filed the Summons returned and deemed it executed by the Attorney General's Office. The Marshall's Office has advised counsel that it deemed the summons to be executed based on the Attorney General's Office signed acceptance of the certified mail. Service, however, was defective because it did not comply with the service methods authorized under Rule 4(e) (e.g. personal service) and did not include a service waiver request form as authorized under Rule 4(d). Nonetheless, because it is clear that the Court intended all defendants to be served, the Attorney General's Office has decided to accept service regardless of the defect.

Memorandum of Points and Authorities in Support of Motion to Dismiss - *Beauchamp v. Harrington, et al.*
5:08-cv-00972-JF

2

1  with Attorney General Brown fails to provide adequate justification for federal jurisdiction, and

2  has fails to state a claim under which relief can be granted.  Beauchamp's complaint should,

3  therefore, be dismissed without leave to amend.

**STANDARD OF REVIEW**

5    This motion is brought pursuant to Federal Rules of Civil Procedure Rules 12(b)(1)

6  and 12(b)(6).  Rule 12(b)(1) authorizes the dismissal for lack of subject matter jurisdiction, and

7  Rule 12(b)(6) authorizes dismissal for failure to state a claim upon which relief can be granted.

8    Federal courts are courts of limited jurisdiction and the court presumes lack of

9  jurisdiction if no proof of jurisdiction has been provided by the plaintiff.  *Kokkonen v. Guardian

10  Life Ins. Co.*, 511 U.S. 375, 377 (1944).  Rule 12(h)(3) clarifies that, "[i]f the court determines at

11  any time it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P.

12  12(h)(3); *see also B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999)

13  ("[F]ederal courts are required sua sponte to examine jurisdictional issues such as standing.").

14  The burden of proof for a Rule 12(b)(1) motion is on the party asserting jurisdiction, which

15  creates a constant burden of proof on the plaintiff that jurisdiction does in fact exist.  *Ramming v.

16  U.S.,* 281 F.3d 158, 161 (5th Cir. 2001); *see also Sopeak v. Northern Mountain Helicopter

17  Service*, 52 F.3d 817, 818 (9th Cir. 1995).  When a rule 12(b)(1) motion is filed in conjunction

18  with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack

19  before addressing the attack on the merits.  *See Ramming,* 281 F.3d at 161.

20    A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of those

21  claims asserted in the complaint.  The United States Supreme Court recently explained that to

22  survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "enough facts to state

23  a claim to relief that is plausible on its face."  *Bell Atlantic Corporation v. Twombly*, __ U.S. __,

24  127 S.Ct. 1955, 1964, 1970, (2007) (stating that the 12(b)(6) standard that dismissal is warranted

25  if the plaintiff can prove "no set of facts," which would entitle the plaintiff to relief, "has been

26  questioned, criticized, and explained away long enough," and that having "earned its retirement,"

27  it "is best forgotten as an incomplete, negative gloss on an accepted pleading standard").  Thus,

28

Memorandum of Points and Authorities in Support of Motion to Dismiss - *Beauchamp v. Harrington, et al.*
5:08-cv-00972-JF

3

under the standards articulated by the high court, a complaint must amount to "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Bell Atlantic*, 127 S.Ct. at 1965.  The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)." *Id.*  The court can grant a motion for dismissal under Rule 12(b)(6) only if there is an absence of law to support a claim of the type made, or of facts sufficient to make a valid claim, or if on the face of the complaint there is an insurmountable bar to relief indicating that the plaintiff does not have a claim.  *Community of Mental Health Services of Belmont, Harrison, and Monroe Counties, Ohio v. Mental Health and Recovery Board of Belmont, Harrison, and Monroe Counties, et al.*, 395 F. Supp. 2d 644, 649 (S.D. Ohio 2004).  Further, a motion to dismiss may be based on either the lack of a cognizable legal theory, or the absence of sufficient facts alleged to support a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 686, 699 (9th Cir. 1990).

A court generally cannot consider materials outside of the complaint, except for materials submitted within the complaint or the contents of which are alleged in the complaint. *Branch v. Tunnell*, 14 F.3d 449, 453-454 (9th Cir. 1994).  In addition, the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).

**ARGUMENT**

**I.**

**THE COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE THERE IS NO FEDERAL QUESTION ALLEGED.**

The Court lacks subject matter jurisdiction because Beauchamp has not presented the Court with a controversy that would invoke federal review.

Beauchamp's Second Amended Complaint asserts simply that the defendants have violated California Labor Code section 1182.8 and as a result her, constitutional civil liberties have been violated.  (Second Am. Compl., p. 2:5-7.)  Federal district courts have original jurisdiction over all civil actions arising under the constitution, laws, or treaties of the United

States.  28 U.S.C. § 1331.  A case arises under federal law within the meaning of section 1331 only if the federal question appears on the face of the Plaintiff's well-pleaded complaint. *Bergkamp v. New York Guardian Mortgagee Corp.,* 667 F. Supp. 719 (D. Mont. 1987).

Beauchamp does not allege any basis for federal jurisdiction.  This Court provided her an opportunity in the February 22, 2008 Order to amend her original complaint to include a federal question.  The Order stated that "[i]n order for the federal court to have jurisdiction over the matter, plaintiff may allege, *inter alia*, violations of the Fair Labor Standards Act [(FLSA)]." (Order, ¶ 3 (February 22, 2008).)  Instead of alleging that her rights have been violated under the FLSA in her second amended complaint, Beauchamp states that she was not properly educated on the Labor Code and that the Labor Code needs to be publicized, taught, and upheld within the law.  (Second Am. Compl., at p. 7:25-26.)  Beauchamp's only reference to the FLSA is in the caption of her second amended complaint, as well as restating the Order of February 22, 2008, that Beauchamp needed to allege a violation of the FLSA.  (Second Am. Compl. at ¶ 7.) Aside from those two references, Beauchamp does not assert that any defendant violated the FLSA.  The actual cause of action stated in Beauchamp's complaint claims violations of a California state statute.[3/]

A pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal.  *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir.2000) (en banc).  In this case, Beauchamp has already received that opportunity, but has failed in either her first or second amended complaints to assert a basis for federal jurisdiction.  Since Beauchamp continues only to allege violations of state law, despite her opportunity to amend and assistance from this Court, her complaint should now be dismissed without leave to amend.

///

///

---

3. Moreover, Beauchamp cannot invoke the court's diversity jurisdiction. She alleges that she and several of the defendants are citizens of California.  28 U.S.C. § 1332(a); *see Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (section 1332(a)(1) requires complete diversity between all Beauchamps and all defendants).

Memorandum of Points and Authorities in Support of Motion to Dismiss - *Beauchamp v. Harrington, et al.*
5:08-cv-00972-JF

5

## II.

### THE LAWSUIT AGAINST ATTORNEY GENERAL BROWN SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

This action is barred under the Eleventh Amendment to the United States Constitution, which provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state.

"It has long been settled that the reference to actions 'against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and instrumentalities." *Regents of University of California v. Doe*, 519 U.S. 425, 429 (1997). The Eleventh Amendment prohibits damage actions against state officials in their official capacities. *Will v. Michigan Dept. of State Police*, 491 U.S. 58 71, n. 10 (1989).

Even if this Court were to provide Beauchamp with another opportunity to amend to allege federal question jurisdiction, Attorney General Brown would still be immune from the suit. Beauchamp has named Attorney General Brown as a defendant in his official capacity, not as an individual. Therefore, he is entitled to immunity under the Eleventh Amendment.

While there is an exception to the Eleventh Amendment it does not apply here. *Ex Parte Young*, 209 U.S. 123 (1908) exempts from Eleventh Amendment exclusion claims seeking remedies designed to end a continuing violation of federal law. *Community of Mental Health Services of Belmont, Harrison, and Monroe Counties, Ohio*, 395 F. Supp. 2d at 649. There must be a connection between the official sued and enforcement of the allegedly unconstitutional statute, and there must be a threat of enforcement. *Long v. Van de Kamp*, 961 F.2d 151, 152 (9th Cir. 1992). Absent a real likelihood that the state official will employ his supervisory powers against Beauchamp's interest, the Eleventh Amendment bars federal court jurisdiction. *Id*.

The *Ex Parte Young* exception would not apply to this case because Beauchamp has

Memorandum of Points and Authorities in Support of Motion to Dismiss - *Beauchamp v. Harrington, et al.*
5:08-cv-00972-JF

6

1  failed to allege any facts that show Attorney General Brown is in violation of enforcing or not
2  enforcing California Labor Code section 1182.8.  As stated in Argument I above, Beauchamp
3  does not make any allegations regarding Attorney General Brown in her Second Amended
4  Complaint.  It might be inferred that Beauchamp is referring to Attorney General Brown, in
5  addition to other defendants, when she states that "her Equal Rights and the Equal Rights of all
6  managers placed in the resident manager/apartment manager position due to the 1182.8 Labor
7  Law Code have been violated through the lack of 'due diligence' by [sic] and those that are to
8  uphold, monitor, publisized [sic] and teach the 'The Resident Managers Employer Agreement
9  Set."  (Second Am. Compl. ¶ 3.)  However, Federal Rule of Civil Procedure 8(a)(2) states that
10 the Beauchamp is required to provide a "short and plain statement of the claim showing that the
11 pleader is entitled to relief."  Beauchamp has failed to provide any short and plain statement of
12 facts that shows Attorney General Brown is legally charged with upholding, monitoring,
13 publicizing, or teaching of California Labor Code section 1182.8.  Beauchamp's allegations are
14 directed at her prior employer and at the State Labor Commissioner, not at Attorney General
15 Brown.  Although the court has an obligation to construe the pleadings of a pro se litigant
16 liberally, *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (en banc), the court's liberal
17 interpretation of a pro se complaint may not supply essential elements of a claim that are not
18 plead.  *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir.1992); *Ivey v. Bd. of Regents of Univ. of*
19 *Alaska*, 673 F.2d 266, 268 (9th Cir.1982).
20         Since Beauchamp has failed to provide any short and plain statement of the claim
21 against Attorney General Brown, as well as any claim that would subject him to the *Ex Parte*
22 *Young* exception, Beauchamp has failed to state a claim under which relief could be granted as to
23 Attorney General Brown.  Therefore, Beauchamp's case should be dismissed without leave to
24 amend.
25 ///
26 ///
27 ///
28

**CONCLUSION**

The second amended complaint should be dismissed without leave to amend because this Court lacks subject matter jurisdiction, and the complaint fails to state a claim upon which relief can be granted.

Dated: July 11, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

CHRISTOPHER E. KRUEGER
Senior Assistant Attorney General

STEPHEN P. ACQUISTO
Supervising Deputy Attorney General


/s/ Ross C. Moody

ROSS C. MOODY
Deputy Attorney General

Attorneys for Defendant Attorney General
Edmund G. Brown Jr.

20121844.wpd
SA2008303522

Memorandum of Points and Authorities in Support of Motion to Dismiss - *Beauchamp v. Harrington, et al.*
5:08-cv-00972-JF

8