| | |
|---|---|
| 1 | **PAHL & McCAY**<br>A Professional Corporation |
| 2 | **Stephen D. Pahl, Esq.** (State Bar No. 95900)<br>**Servando Sandoval, Esq.** (State Bar No. 205339) |
| 3 | 225 West Santa Clara Street<br>Suite 1500 |
| 4 | San Jose, California 95113-1752<br>Telephone No.: (408) 286-5100 |
| 5 | Facsimile No.: (408) 286-5722 |
| 6 | Attorneys for Defendant<br>THOMAS HARRINGTON, GARY LEITH and |
| 7 | JANNA M. ERICKSON |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| 11 | SANDRA K. BEAUCHAMP, ) | Case No. C08-00972 JF |
| 12 | Plaintiff, ) | |
| 13 | v. ) | **NOTICE OF JOINDER IN MOTION TO DISMISS FILED BY DEFENDANT EDMUND G. BROWN, JR.** |
| 14 | HONORABLE EDMOND G. ) BROWN JR., in his official capacity as ) | |
| 15 | Attorney General of the State of ) California; JOAN HEALY, in her ) | |
| 16 | official capacity of Senior Deputy ) Commissioner and MONICA ) | |
| 17 | RESENDEZ, in her official capacity as ) desk clerk of the Labor Standards ) | |
| 18 | Commission for San Jose, California; ) THOMAS E. HARRINGTON, Trustee ) | |
| 19 | of the Thomas E. Harrington Trust ) dated 3/6/90, dba The Greenery ) | |
| 20 | Apartments; GARY LEITH, in his ) official capacity for The Greenery ) | Date: September 12, 2008<br>Time: 9:00 a.m. |
| 21 | Apartments and JANNA M. ) ERICKSON, in her official capacity for ) | Courtroom: 3, Fifth Floor<br>Hon. Jeremy Fogel |
| 22 | The Greenery Apartments, ) ) | |
| 23 | Defendants. ) ) | |
| 24 | _____ ) | |

25    TO PLAINTIFF SANDRA K. BEAUCHAMP, THE HONORABLE JEREMY

26    FOGEL AND ALL OTHER PARTIES IN INTEREST: Please take notice that

27    Defendants THOMAS E. HARRINGTON, GARY LEITH and JANNA M. ERICKSON

28    (hereinafter referred to collectively as "Defendants") hereby join in the motion to dismiss

Pahl & McCay<br>
A Professional Corp.<br>
225 W. Santa Clara St.<br>
Suite 1500<br>
San Jose, CA 95113<br>
(408) 286-5100<br>
3019-001<br>
00125403.WPD

--------------------    1    --------------------

NOTICE OF JOINDER IN MOTION TO DISMISS . . .                    (Case No. C08-00972 JF)

filed by Defendant EDMUND G. BROWN, JR. ("BROWN") to the extent that it requests the dismissal of the Complaint for lack of subject matter jurisdiction. As set forth in the motion and further herein, the Complaint fails to allege any claim whereby this Court could exercise subject matter jurisdiction as the only alleged claim relates to supposed violations of California Labor Code Section 1182.8.

Subject-matter jurisdiction concerns a court's competence to adjudicate a particular category of cases; a matter far weightier than venue, subject-matter jurisdiction must be considered by the court on its own motion, even if no party raises an objection. See, Wachovia Bank, N.A. v. Schmidt, 546 U.S. 303, 316 (2006); Mansfield, C. & L. M. R. Co. v. Swan, 111 U.S. 379, 382 (1884); Fed. Rule Civ. Proc. 12(h)(3). Thus, Subject-matter jurisdiction, does not entail an assessment of convenience. It poses a "whether," not a "where" question: Has the Legislature empowered the court to hear cases of a certain genre? See, Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 168 (1939). In that regard, Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Vacek v. United States Postal Serv., 447 F. 3d 1248, 1250 (9th Cir. 2006).

Title 28, Section 1331 provides as follows: "The district courts shall have original jurisdiction of all civil actions **arising under the Constitution, laws, or treaties of the United States.**" 28 U.S.C. § 1331 (emphasis added). "The presence or absence of federal-question jurisdiction is governed by the 'well pleaded complaint rule,' which provides that **federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.**" Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); Hall v. N. Am. Van Lines, Inc., 476 F. 3d 683, 687 (9th Cir. 2007). Under the "artful pleading" doctrine, a well-pleaded state law claim presents a federal question when a federal statute has completely preempted that particular area of law. See Balcorta v.

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

3019-001
00125403.WPD

2

NOTICE OF JOINDER IN MOTION TO DISMISS . . .     (Case No. C08-00972 JF)

Twentieth Century-Fox Film Corp., 208 F. 3d 1102, 1107 (9th Cir. 2000). "[A]ny claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." Id.; Hall v. N. Am. Van Lines, Inc., 476 F. 3d at 687. In the present case, Plaintiff's Complaint makes it clear that her claims do not "arise under" the Constitution, laws or treaties of the United States.

Notwithstanding that Plaintiff amended her Complaint such that the Caption refers to the Fair Labor Standards Act, the entire body of her Complaint makes reference to California law. Primarily, Plaintiff alleges supposed violations of California Labor Code Section 1173 and 1182.8. There are absolutely no references made to any supposed violations of the Federal Labor Standards Act anywhere in the body of the Complaint. The face of the Complaint does not allege any violation of federal law nor does the complaint contain any allegation regarding any federal statute that has completely preempted the area of law covered by California Labor Code Sections 1173 and 1182.8. In the end, the face of the amended Complaint relates to supposed violations of state law and does not present any case where federal subject matter jurisdiction could be asserted. The Court, therefore, must dismiss the instant Complaint in its entirety for failure to state proper subject matter jurisdiction.

DATED: August 19, 2008

PAHL & MCCAY
A Professional Corporation

By: _____
Servando R. Sandoval

Attorneys for Defendants
THOMAS E. HARRINGTON, GARY LEITH and JANNA M. ERICKSON

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

3019-001
00125403.WPD

3
NOTICE OF JOINDER IN MOTION TO DISMISS . . .    (Case No. C08-00972 JF)

Beauchamp v. Brown, et al.
U.S. District Court Case No. C08-00972 JF/PVT

**PROOF OF SERVICE**

State of California     )
                        ) ss
County of Santa Clara   )

    I am a citizen of the United States and an employee of the County aforesaid. I am over the age of eighteen years and not a party to the within action. My business address is 225 West Santa Clara Street, Suite 1500, San Jose, California 95113-1700. On the date mentioned below, I caused a true copy(ies) of the following document(s) to be served on the parties below using the method(s) checked:

*NOTICE OF JOINDER IN MOTION TO DISMISS FILED BY DEFENDANT EDMUND G. BROWN, JR.*

on the Addressee(s) below named in said action by:

    [X]    First Class Mail. I am familiar with the regular mail collection and processing practices of the business. The mail will be deposited with the United States Postal Service on the same day following ordinary business practices. I enclosed the above-mentioned document(s) in a sealed envelope with postage thereon fully prepaid in the United States Post Office mail box at San Jose, California.

    [ ]    Express Mail Delivery.

    [ ]    Facsimile at the fax numbers shown after each name below.

    [ ]    By Personal Delivery.

    [ ]    By Federal Express.

**Addressee(s):**

Sandra Beauchamp
P.O. Box 112353
Campbell, CA 95011

    I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed on August 19, 2008 at San Jose, California.

*/s/ Andrea R. Anderson*
Andrea R. Anderson

Pahl & McCay
A Professional Corp.
225 W. Santa Clara St.
Suite 1500
San Jose, CA 95113
(408) 286-5100

3019-001
00123207.WPD

--------    1    --------
**PROOF OF SERVICE**    (Case No. C08-00972 JF/PVT)